By the Court.—Spencer, J.
The main question in this case for the consideration of the court depends upon the construction of the following clause and covenant on the part of the lessees, contained in said lease: “ And the said lessees, in consideration of the leasing aforesaid, do hereby covenant and agree to pay as rent for said premises the sum of ten thousand five hundred dollars per annum, payable as follows—namely, one thousand dollars at the date of signing this lease, one thousand six hundred and twenty-five dollars three months from the date of the commencement of this lease, and two thousand six hundred and twenty-five dollars quarterly, at the expiration of each quarter thereafter, and a lien to be given by said lessees to said lessors to secure the payment thereof, as hereinbefore stipulated, on all the furniture which shall be placed in said hotel by said lessees.”
The assignee of the lessor brings an action at law to recover from the defendant the value of the furniture that was placed in said hotel after the execution of the lease, alleging that said defendant has taken possession of, sold, and wrongfully converted said furniture and the avails thereof, and so disposed of the same that the plaintiff is unable to make or enforce his lien thereon (created by the foregoing clause in the lease), to his damage, &c.
*43 The plaintiff rests his right of recovery in this action upon the following main facts, covered substantially by the allegations of his complaint, and admitted by the demurrer:
First. The execution of the lease containing the foregoing clause.
Second. That the lessees entered upon the premises leased, and placed" a large amount of furniture in the hotel thereon, which was sufficient in value to be good security for the rent, &c.
Third. The assignment of the lease by the lessor to plaintiff.
Fourth. The accruing of rent and failure of lessees to pay, to the amount of ten thousand five hundred dollars.
Fifth.' That defendant took possession of, sold, and wrongfully converted said furniture and the avails thereof, and that in consequence thereof plaintiff is unable to enforce his lien, &c.
If this court sustains the ruling and judgment of the court below, it must hold that this covenant and condition in the lease made and created a valid, legal and equitable lien or mortgage in favor of the lessor, that went into effect and attached upon the furniture (in future) when the same came into existence as the property of the lessees, and was placed in said hotel; in other words, that such a lien, or special property, rights and interest in said furniture was created as would enable the lessee or his assignor, in case the rent was not paid, to maintain an action for the value thereof against any person who took possession of and sold or otherwise disposed of the same.
I am of the opinion that no such lien or mortgage was made or created, that no such legal or equitable rights or interests m the property ever attached to said property, nor ever vested in the lessee by virtue of this *44 covenant or claim, and the circumstances and facts attending the same.
As a general rule, the words of a covenent in a written instrument, that are intended to create a lien or charge upon personal property, should clearly indicate that such lien is created and attaches and takes effect upon the subject matter at the time of the execution of the instrument; but in all cases I think the words creating the lien should be “in presentí,” whatever they may denote as to the time when the lien attaches. But when (as in this case) the words of the covenant express future action by the parties in regard to the creation of the lien, and the lien is also to take effect or attach in the future, the just and logical conclusion follows, that future action and effect was intended by the parties, and that no lien whatever was created by the covenant that could attach to the property.
Therefore, I hold that this covenant in the lease does not even purport to make or create a lien upon the furniture in presentí, and I think that no course of reasoning nor criticism upon the sense and the grammatical relation of the words used can be adopted, which will establish the conclusion that the parties made or intended to make or create such a lien.
The words of the covenant and the general facts appearing from the lease forbid such a construction.
Undoubtedly, the parties covenanted that a lien should be thereafter made and given upon the furniture as security for the rent. The words, “ And a lien to be given,” are expressive of future action ; and this interpretation is materially strengthened by the words following in the same connection, “ On all the furniture which shall be placed in said hotel by said lessees,” thus clearly expressing that there was not then any furniture in place, condition or existence, that could be made the subject of a lien, but that thereafter, when *45 the lessees should obtain and place the same in such hotel, a lien should then be given (created) thereon.
In my opinion, the words of this clause form a simple covenant, on the part of the lessees, in regard to their action in the premises in the future; they covenanted that they would at some future time create and make a lien on this furniture, in favor of the lessor, as security, &c.
I cannot realize how the question of notice can affect this case.
The complaint alleges that it was the intention of the parties then and there to create or make a lien (by this lease). That it was recorded, &c. ; that being thus made and recorded, &o., &c., it formed and was a lien. And of all this defendant had notice. Notice of what? As I read the complaint, I should answer—notice of the alleged intentions of the parties, the record of the lease, and notice that all their acts formed and made a legal or equitable lien in the premises.
I conclude that it is only when an alleged lien contained in a written instrument, can be sustained and adjudged as valid, that the question of notice affects the case. Notice of an alleged claim or lien, will not strengthen it nor make valid what was invalid before the notice.
I do not deem in necessary to make an extended review of the cases relating to legal or equitable liens, to support these views of the court.
We hold simply that the language of this clause did not create any lien whatsoever upon the property in question, and no case that I can find construes such language otherwise.
A grammatical analysis of the language of this clause is the only test of the accuracy of our decision.
I shall review only one of the cases cited by the respondent’s counsel to sustain the position, that by this covenant a lien in equity, at least, was created upon *46 this furniture, and that is Wood v. Lester (29 Barb., 145). The plaintiff sold land, a part of which was woodland. He took a mortgage to secure the purchase money, in which it was provided that in case the wood upon the land was cut by the mortgager, that he (the mortgagee) should have a lien on the wood cut to the amount of a certain sum per cord, to apply upon the mortgage.
There was also a condition that the mortgagor should give, when requested, a chattel mortgage upon the wood when cut, "&c. This instrument was recorded as a lien upon real estate, but not filed as a chattel mortgage.
This wood was afterwards cut and levied upon and sold, by virtue of an execution on the judgment of the defendant, Lester (who had notice of the plaintiff’s lien).
An action was brought in the seventh district to foreclose this mortgage and Lester made a party defendant.
It was tried at special term before Justice Johnson, who held in the judgment that the title of Lester to the • wood was superior to that of plaintiff, and Lester had judgment for costs, from which plaintiff appealed to the general term, whose judgment reverses or modifies that of the special term, so as to compel Lester to account for the wood, or the amount of the lien thereon, and interest.
The covenants of the mortgage which received consideration and construction from the court as reported, were two in number.
First. That the plaintiff “ should hate a lien upon the said wood for the purchase money” (referring to the wood when cut from the premises).
Second. (This was a separate and subsequent covenant in the mortgage.) That the mortgagee should from time to time on demand of plaintiff, “ execute and *47 deliver to Mm such chattel mortgage or mortgages as might he necessary to secure and protect such lien and perpetuate the same, &c.
Justice Johnson, who tried the case, construed these covenants together, and held that they constituted a simple covenant for the execution of the chattel mortgage in the future to secure this admitted lien or charge that the mortgagee had covenanted plaintiff should have if the wood was afterwards cut. The general term construed these two covenants separately, and held that they were independent covenants, and not necessarily connected, &c.
First. That the first covenant which provides that plaintiff “ should have alien upon all the wood for the purchase money”—upon its conversion into personal property by severance from the land, was a valid agreement, and constituted a lien upon said wood, in equity; and that said lien attached as soon as the wood was cut and became personal property, as against the mortgagor and all parties claiming under him, with notice of the lien thus created.
Second. That the provision for future chattel mortgages was merely cumulative, and did not affect the lien previovsly declared and provided for, it being in the nature of a covenant in the deed for a future assurance which was never held to affect other and preceding covenants.
Thus was that case decided upon a mere grammatical analysis of the language used in the construction of the covenants, or their language and relation to each other, rather than upon a principle of law or equity. I think the construction of the general term should prevail, under the circumstances, especially in view of the fact, that the wood cut was embraced in the mortgage as realty before its severance from the soil, and although thereby its character as property was changed, the act of change was provided
*48 for in the instrument, so that the security afforded by the mortgage should not be lessened, and I think such an agreement for the continuance of the lien, &c., should be sustained. Yet the views of Justice Johnson to the contrary are entitled to much consideration. I conclude this case does not affect the one at bar.
The words of a covenant providing that a party “ should have a lien ” upon the happening of a certain event in the future, when considered as relating to property then in existence, as real estate, and as such subject to the lien ‘ ‘ in presentí, ’ ’ conveys an entirely different meaning than the words of the provision in this case, a lien to be given ” upon property, that at the time has no status or existence, except one to be made and developed exclusively in the future.
The order of the special term should be reversed, the demurrer sustained, and judgment ordered for defendant, with costs.
Monell and Jones, JJ., concurred.