# 𝔏𝔞𝔴 𝔞𝔫𝔡 𝔈𝔮𝔲𝔦𝔱𝔶

IN THE

# SUPREME COURT

OF THE

# STATE OF NEW YORK.

---

## VAN HOOZER vs. CORY.

In February, 1858, V. leased to S. a dairy farm, with the cows and all the fix-tures and dairy implements thereon, for the term of two years from the 15th of March then next, at the annual rent of $300, to be paid on the 1st of December. The lease contained this clause: "And it is further agreed that the said $300 shall be paid by the party of the second part, as much earlier than the 1st day of December as the products of said farm can be marketed to advantage. And it is further covenanted and agreed between the parties that all the produce and products of the farm and cows that shall be raised and made each year shall be and remain to be the property of the party of the first part, until the sum of $300, rent of each of said years above men-tioned shall be paid and said repairs of said year shall have been made, and until all the conditions of this lease, of said year, shall have been ful-filled. And said S. shall have no right to sell or dispose of any of such pro-ducts without the consent of said V., who shall be present to receive the money, until the above rent shall have been fully paid for said year, and all other stipulations and conditions herein contained, fulfilled. Said S. is to have the right to milk and butter for the use of his own family, and no more, till said rent is paid and all other stipulations and conditions for said year fulfilled."

*Held* that the expected products of the dairy and the farm were the subjects of a grant, as being potentially in existence, and within the power of the

34    9
80h 294
34    9
82h 391
34    9
83h 396

lessee, at the date of the lease; and that the grant to V. was absolute and perfect when made, vesting the property in the grantee the moment it should come into existence.

*Held also*, that the transfer of the products and crops to V. was absolute, and attached to such products and crops as they came into existence, and V.'s title could only be divested by the payment of the rent. That such transfer gave to V. the right of immediate possession, not only as against the lessee, but against all claiming through or under him.

*Held further*, that taking the whole contract together, it was evidently the design that the property in the produce of the farm should be in V. and not in S., until the payment of the rent; and that the contract, as thus interpreted, was not illegal or unreasonable, nor within the rule which prohibits the selling or mortgaging of property not in existence, or not owned, at the time, by the vendor or mortgagor.

ACTION of trespass, for taking and carrying away a quantity of cheese, the property of the plaintiff. The defendant justified as a constable, under a judgment and execution against one Nicholas Smith. The cause was tried before MULLIN, J. without a jury, at the Jefferson circuit, in March, 1860, and upon the trial it appeared that the plaintiff, in February, 1858, leased to the debtor, Nicholas Smith, a dairy farm in the county of Jefferson, with the cows and all the fixtures and dairy implements thereon, for the term of two years from the 15th day of March of that year, at the annual rent of $300, to be paid on the first day of December in each year. The lease, in addition to the usual provisions, contained the following clause : "And it is further agreed that the said $300 shall be paid by the party of the second part as much earlier or sooner than the first day of December of each year as the products of said farm can be marketed to advantage; and it is further covenanted and agreed between the parties that all the produce and products of the farm and cows that shall be raised and made, each year, shall be and remain to be the property of the party of the first part until the sum of $300, rent of each of said years above mentioned, shall be paid, and said repairs of said year shall have been made, and until all the conditions of this lease of said year shall have been ful-

Van Hoozer *v.* Cory.

filled. And said Smith shall have no right to sell or dispose of any of such products without the consent of said Van Hoozer, who shall be present to receive the money when sold, until the above mentioned rent shall have been fully paid for said year, and all other stipulations and conditions herein contained fulfilled. Said Smith is to have the right to milk and butter for the use of his own family and no more, till said rent is paid and all other stipulations and conditions for said year fulfilled."

The rent for 1858 was paid, and the cheese in question was a part of the products of 1859, and was taken by the defendant in August, 1859, he having notice of the claim of the plaintiff. The judge at the trial held that the plaintiff, at the time of the levy and sale by the defendant, was the owner of the cheese and entitled to the possession thereof, and gave judgment for the plaintiff for its value, from which the defendant appealed.

*F. Kernan*, for the appellant.

*S. H. Ainsworth*, for the respondent.

*By the Court*, ALLEN, J. The plaintiff asserts a legal claim to the property, and must succeed, if at all, upon the establishment of a legal title to it. He cannot recover upon any equity as between himself and his lessee, and it is not necessary to consider their respective rights, legal or equitable, as against each other. There is no claim made that the transaction between the plaintiff and Smith was fraudulent as against the creditors of the latter; nor was the justification of the defendant put upon the ground that the interest or title of the plaintiff was that of mortgagee for a debt not due, with a right of possession for a definite time in the mortgagor, which was the subject of levy and sale upon execution against him. The only question made at the circuit or presented by the bill of exceptions, is whether the plaintiff had title to the property in dispute. That property must have an actual

or potential existence, in order to be the subject of a sale or mortgage, is so well settled as to have become elementary; as is also the proposition that at the time of the sale or mortgage the vendor or mortgagor must have a present disposable interest in it. A thing may be the subject of a sale, although not in actual existence, if it has a potential or possible existence, as the product or increase of that which is in existence, and the right to it when it shall come into actual existence is a present vested right. If one, being a parson, give to another all the wool he shall have for tithes the next year, this is a good grant, although none may arise; for the tithes are potentially in the parson. Trees, grass and corn growing and standing upon the ground, fruit upon the trees, or wool upon the sheep's back are grantable, provided they are potentially in the grantor. So growing hops and growing turnips are grantable. So one may grant all the wool of his sheep for seven years, but not of the sheep which he shall thereafter purchase. (*Shep. Touch.* 241, 2. *Waddington* v. *Bristow*, 2 *Bos. & Pull.* 452. *Emmerson* v. *Heelis*, 2 *Taunt.* 38.) A parson of a church may grant his tithes for years, and yet they are not in him, except potentially. (*Perk.* § 90.) In *Beaumont* v. *Crane*, (14 *Mass. Rep.* 400,) the court held that the plaintiff having advanced money to a third person to enable him to construct certain machines, under an agreement that he should have a share in the machines equal to his advances, became thereby a tenant in common with the constructor, and acquired an interest in the property without any manual delivery. If A. leases land to B. for years and grants that he shall have the actual fruit of the soil, as grass which revives yearly, which shall be on the land at the end of the term, the grant is good and passes the property to the grantee. (*Hob.* 132. 2 *Roll. Abr.* 48.) The same principle is adjudged applicable to the annual crops, the fruit of the annual labor of the lessee; as if a lessor covenants that it shall be lawful for the lessee at the expiration of the lease to carry away the corn growing on the premises, although by

possibility there may be no corn growing at the expiration of the lease, yet the grant is good, for the grantor had such a power in him, and the property shall pass as soon as the corn is extant. (*Hob.* 132. *Grantham* v. *Haley, Bacon's Abr. Grants, D.* 3.) So a valid sale may be made of the wine that a vineyard is expected to produce, or the grain that a field is expected to grow, or the milk that a cow may yield during the coming year, or the future young cow of a female animal owned by the vendor. (*McCarty* v. *Blevins,* 5 *Yerger,* 195. 1 *Pars. on Cont.* 438, *note h.*) The grant in this case was of the cheese expected to be made from the cows, and the products expected to be raised upon the premises then demised to the grantor; and the products of the dairy and farm were as properly the subjects of a grant as potentially in existence and within the power of the grantor, as the corn that should be growing at the expiration of the term in *Grantham* v. *Haley,* the wine expected to be made from the fruit of the vineyard to be grown, or the grain to be thereafter grown, or the future young of the animal. Here the grant is absolute and perfect when made, vesting the property in the plaintiff, the grantee, the moment it should come into existence, or in the language of the books, " as soon as it was extant." The thing granted had a potential existence, and the hopes or expectations of means founded on a right in esse was the object of sale. (2 *Kent's Com.* 468, *note a.*) *Wood* v. *Lester,* (29 *Barb.* 145,) is very analogous to this, and upheld the judgment given at the circuit. A mortgage was there given to secure the payment of the purchase money of a farm, and it provided that the mortgagor should deliver all the wood he might cut upon the mortgaged premises, upon the line of the New York Central Rail Road, at the places designated by the company; that the mortgagee should have a lien upon such wood for the purchase money until the same should be paid; and a similar lien upon the crops &c.; that the mortgagee should have the right to demand and receive from the rail road company three dollars for every cord of wood so deliv-

ered; and that the mortgagor should from time to time, on the demand of the mortgagee, execute and deliver to him such chattel mortgage or mortgages as might be necessary to perfect and perpetuate the lien until the purchase money should be fully paid in, &c.; and it was held that this was a valid agreement, and although it could not take effect until the wood should be cut and severed from the freehold, yet it attached instantly as the wood became personal property, and that it should be enforced against the mortgagor and all persons claiming from or through him with notice of the lien thus created. It is true it was enforced as an equitable lien on the foreclosure of the mortgage, but it was established as a lien created by the contract and agreement of the parties, and the property then only potentially in existence as personal property was treated as the proper subject of a contract which gave the plaintiff a vested interest in it as soon as it came into existence. The agreement in the case before us is clearly distinguishable from that in either of the cases cited from the Massachusetts Reports, (*Butterfield* v. *Baker*, 5 *Pick.* 522; *Munsell* v. *Carew*, 2 *Cushing*, 50.) In neither case was the transfer absolute. In the case last cited the agreement was that in case of default in the payment of the rent the lessor was to have all the crops &c. to dispose of as he saw fit. The property had been taken before default in the payment of the rent. Wilde, J. very properly says, " At that time the lessee had neither the property, nor the possession, nor the right of possession in the produce taken; and if he afterwards had acquired the right of property that would not avail him in this action." He held the clause in the lease to be rather an executory contract or license to dispose of the crops and produce for the payment of the rent, and not a sale of the whole produce. In *Butterfield* v. *Baker* the agreement was that the crops should be held for the rent of the farm, and that the lessor might enter to take the same for rent that should. be in arrear, &c.; and it was held that it did not amount to an absolute sale or mortgage, but a contract to be completed

Van Hoozer *v.* Cory.

by a delivery in order to affect creditors and bona fide pur-
chasers. In that case no rent was due at the time of the
seizure by the defendant. In the case in hand the products
and crops were to be and remain to be the property of the
plaintiff until the rent should be paid. The transfer was
absolute, and attached to the crops and products of the dairy
as they came into existence, and could only be divested by
the payment of the rent for the current year. This transfer
gave the plaintiff the right of immediate possession, not only
against the lessee but against all claiming through or under
him. (*See also Lewis* v. *Lyman,* 22 *Pick.* 437.) Taking
the whole contract together, it was evidently the design that
the property in the products of the farm should be in the
plaintiff, and not in the lessee, until the payment of the rent.
The contract as thus interpreted is not illegal or unreasonable.
In the view taken of the contract, and of the character of the
property affected by it, and the power of the lessor to give
title to it, the case is not within the rule which prohibits the
selling or mortgaging property not in existence or not owned
at the time by the vendor or mortgagor. *Milliman* v. *Neher,*
(20 *Barb.* 37,) was more like the Massachusetts cases cited,
and Bockes, J. says, " Besides, I am of the opinion that the
terms used, that the plaintiff should have *a lien on the crops
as security,* do not import a sale or mortgage. A mortgage
is a conditional sale. This clause of the lease contains no
words of sale, nor any from which a sale can be implied."
In *Cayun* v. *Eutts,* (10 *Exch.* 298,) it was decided that a
power to seize and take possession of crops thereafter to be
grown, as security for a debt, did not vest a title to the prop-
erty until an actual seizin and possession under the power ;—
also clearly distinguishable from this case. I am of the opin-
ion that the judgment should be affirmed.

MULLIN, J. concurred.      MORGAN, J. dissented.

Judgment affirmed.

[ONONDAGA GENERAL TERM, October 2, 1860. *Allen, Mullin* and *Morgan,*
Justices.]