CONDERMAN *vs.* SMITH.

At law a mortgage or sale of future acquired personal property, the mortgagor neither having acquired the thing nor the agent of its production, at the time of making the contract, creates no valid subsisting property. But if the future acquired property be the product of present property in the mortgagor, as the wool growing on a flock of sheep, or the produce of a dairy, or a farm, or any thing of that character, the mortgage will take effect upon the property as soon as it comes into existence, and will be perfectly binding at law.

THIS action was commenced before a justice of the peace in the town of Fremont, in the county of Steuben. The action was tried before the justice, who rendered judgment against the plaintiff, Conderman, of no cause of action, on the 26th day of February, 1861. The plaintiff complained against the defendant, Smith, for wrongfully taking a quantity of cheese, amounting to a thousand pounds, and claimed judgment for $80. The defendant denied each and every allegation in the complaint, and alleged that the cheese in question was sold on an execution issued by the clerk of Steuben county, by W. L. Cleveland, deputy sheriff, on a judgment rendered in favor of the defendant and one Edward T. Young, against one Samuel Sweet, and alleged that the property in question was in the possession and belonged to said Sweet. The judgment rendered by the justice was reversed by the Steuben county court, and judgment perfected in favor of the plaintiff for $26.99, against the defendant, Smith.

On the trial before the justice a written agreement between the plaintiff, Conderman, of the first part, and Samuel Sweet and James Jones, of the second part, dated December 20, 1858, was produced and read in evidence. By this agreement Conderman leased his farm of 180 acres, with 24 cows, &c., to Sweet and Jones, for two years, with the privilege of five years from the first of March then next, for the sum of $450 each year. Sweet took possession of said premises, or farm and cows described in the lease, and made the cheese in

question from the cows on the premises. On the 26th day of May, 1860, Sweet and Jones, for the purpose of securing to the plaintiff certain rent then due and to become due upon the said lease, executed a chattel mortgage to him, of a wagon, harness, sleigh and other articles. The mortgage contains the following clause: "Also, all the grain growing on the lands rented aforesaid, all the corn and potatoes now planted thereon, all the hay growing on the ground on said premises, all the fruit growing on said premises, all the interest of said Sweet in and to any cows, cattle or stock on said place; also, all the interest of said Sweet in and to the butter and cheese now made or to be made during this season, on said premises." On the 19th of July, 1860, an agreement was entered into, in writing, between Samuel Sweet and the plaintiff, by which Sweet sold to the plaintiff, and for him agreed to make and manufacture into cheese, all the milk to be milked from the cows then in his possession, until the 1st day of December then next, excepting what might be necessary for butter and milk to be used in Sweet's family. And it was further understood and agreed that said cheese was to be the property of Conderman, as soon as made, and to be delivered in the cheese room of the house occupied by Sweet. In consideration of which Conderman agreed to pay and allow for said cheese the sum of seven and one half cents per pound, to be applied on the rent of the farm so leased to Jones and Sweet. Sweet also agreed to draw the cheese so made for said Conderman, to the village of Bath, and deliver the same at the grocery of one Samuel Scott, within twenty days after they were made. In consideration thereof Conderman agreed to pay Sweet one half cent per pound so drawn, and to be applied on the rent of said farm and property.

The defendant appealed from the judgment of the county court, and insisted that the chattel mortgage being upon butter and cheese to be made during the season, was void for uncertainty, and fraudulent as to creditors; and that a chat-

tel mortgage could only operate upon property in existence at the time of its execution, and could not be given upon the future products of land.

*J. B. Finch*, for the appellant.

*Bemis & Stevens*, for the respondent.

*By the Court,* JOHNSON, J. Upon the principle adopted in *Van Hoozer* v. *Cory*, (34 *Barb.* 10,) the title to the cheese in question vested in the plaintiff by virtue of the mortgage, and of the contract of the 16th of July, 1860. That contract was not an agreement to sell at a future day, but an absolute unconditional present sale, for a specified price, to be applied in payment of the accrued and accruing rent. It is impossible to distinguish this case in principle from that above cited. That case, like this, was an action by the lessor and purchaser, against a creditor of the lessee who had taken and sold the products of the farm and dairy upon execution; and the court held that it did not fall within the rule which prohibits the selling or mortgaging property not in existence or not owned at the time by the vendor or mortgagor. It was the product of property which the vendor owned at the time, and was, as it is expressed in the books, potentially his and therefore the subject of sale. This is a very old and well settled doctrine, which is laid down in most of the elementary works, and is very fully and carefully examined and stated in *Van Hoozer* v. *Cory*, (*supra*,) where many of the authorities are cited. The same principle is fully conceded in *Otis* v. *Sill*, (8 *Barb.* 111, 112.) The case is clearly distinguishable from that of a sale or mortgage of property to which the seller or mortgagor has no right at the time of the sale or the mortgage, either actual or potential, but in which he expects he shall or may acquire some title or right at a future day. In such case the sale or mortgage is void, as all the books and cases agree. That was the case of *Otis*

v. *Sill,* (*supra,*) and also of *Gardner* v. *McEwen,* (19 *N. Y. Rep.* 123,) as to that part of the mortgage held to be void.

This doctrine seems to have undergone a good deal of discussion recently in the courts in England, and it has finally been settled in the house of lords, in the case of *Holroyd* v. *Marshall,* (9 *Jur. N. S.* 213,) that at law a mortgage or sale of future acquired personal property, the mortgagor neither having acquired the thing nor the agent of its production at the time of making the contract, creates no valid subsisting property. But if the future acquired property be the product of present property in the mortgagor, as the wool growing on a flock of sheep, or the produce of a dairy, or a farm, or any thing of that character, the mortgage will take effect upon the property as soon as it comes into existence, and will be perfectly binding at law. (3 *Am. Law Reg. N. S. p.* 31, 32, *n.*) This is entirely in accordance with the determination in *Van Hoozer* v. *Cory,* and there can be no doubt, I think, that it is the true rule. The defendant's counsel relies upon the case of *Milliman* v. *Neher,* (20 *Barb.* 37.) But that was not the case either of an absolute sale, or of a mortgage. It was a mere contract for a lien by way of security ; and was not regarded as a mortgage, or a sale, by the court, as expressly appears at page 40 of the opinion. The point discussed and apparently decided did not therefore arise in the case. This is noticed by the learned judge who delivered the opinion in *Van Hoozer* v. *Cory,* as distinguishing *Milliman* v. *Neher* from the case then under consideration. The same distinction is applicable to the present case. I think *Milliman* v. *Neher* was correctly decided upon the facts appearing in the case, but it is not to be regarded as deciding the question of the validity of a mortgage, or of an absolute sale of similar property, *bona fide* between parties similarly situated. The mortgage in this case would only apply to the cheese manufactured prior to the date of the contract of the 16th of July. The contract imports an absolute sale of the cheese to be manufactured thereafter, and to that extent must be regarded

as an extinguishment of the right of redemption of the mort-
gagors in that property.   But each having been made for a
valuable consideration, is valid if made otherwise in good
faith, and without any intent to hinder, delay or defraud the
creditors of the vendor and mortgagor.

It does not appear upon what precise ground the justice
placed his decision.   If he held the sale void as of property
not in being at the time, it was erroneous in point of law.
And if he held that either the mortgage or the contract of
the 16th July was fraudulent and void because it was not
made to appear sufficiently on the part of the plaintiff that
the absolute sale and the mortgage were made in good faith
and without any intent to hinder, delay or defraud the cred-
itors of the mortgagor and vendor, the judgment was properly
reversed in the county court for erroneous rulings by the
justice in the course of the trial.   On this point two instances
will suffice.   The plaintiff, to excuse the absence of an imme-
diate delivery of the property and a continued change of pos-
session, offered to prove that there was no other cheese house
in the neighborhood than the one on the premises, where the
cheese could be taken to be cured or dried until it would be
proper and safe to remove them.   This evidence, upon objec-
tion by the defendant, was excluded.   This was pertinent
evidence to show a reason for the continuance of the property
on the farm where the mortgagor resided, and the exclusion
of it was erroneous.

It also appears by the evidence that the defendant had
purchased one cheese of the mortgagor before the contract of
the 16th of July, and which cheese had been manufactured
and was in existence at the time the mortgage was executed.
No demand had been made of it before the action was brought,
and the plaintiff attempted to show that it had been consumed
by the defendant or in his family, or otherwise disposed of by
him.   The defendant testified that it had not been consumed
in his family.   The plaintiff then proposed to prove by him
that he had disposed of it otherwise.   This was objected to

and excluded by the justice.   This was error, as the plaintiff was thus prevented from proving an actual conversion of this article of property.   There is considerable evidence in the case as to whether the deputy sheriff, at the sale upon the execution, sold any thing more than the right and interest of Sweet, the tenant and mortgagor.   But this is of no consequence, as it appears expressly that the defendant, who was the purchaser at such sale, had sold the cheese so purchased.

The judgment of the justice was therefore properly reversed by the county court, and the judgment of reversal must be affirmed.

[Monroe General Term, December 7, 1863.   *Johnson, E. D. Smith* and *J. C. Smith*, Justices.