Monell, Ch. J.
The claim for relief in this case proceeds upon the assumption, that the written bill of sale contains the whole of the contract of sale and purchase, but which, through a mutual mistake of the parties, has omitted a representation or warranty, agreed upon,, previous to reducing the agreement to writing.
If, indeed the written paper is to be regarded as containing the whole contract of sale, then parol evidence would not be admissible, to show a warranty made orally, at the time of the sale. But where a contract is first concluded by parol, and a paper is afterwards drawn up, not as containing the terms of the contract, but as a mere memorandum or bill of parcels, parol evidence, it seems, is admissible to show the actual terms of the sale, and that there was a warranty, though it does not appear in the memorandum or receipt (Schuyler v. Russ, 2 Caines, 202; Boorman v. Jenkins, 12 Wend. 566 ; Hargous v. Stone, 5 N. Y. 73 ; Koop v. Handy, 41 Barb. 404; Boorman v. Jenkins, sup. is very much in point).
It was a sale of cotton. The broker exhibited samples. The purchaser made an offer which was accepted. The broker made an entry of the sale and delivered a copy to the parties. It contained no warranty. Parol evidence was allowed to show the custom of the trade, and that the sale was by sample, although the memorandum of the broker was silent on the subject.
According to the cases cited, it was unnecessary for the plaintifis to seek a reformation of the contract. They are authorized to prove the custom of the trade, and that the sale was by sample, in their action at law for the breach of the implied warranty.
But the plaintiffs have not brought themselves within *183 the rules governing courts in awarding the reformation of written contracts.
They have failed to show any mutual mistake of fact. They doubtless purchased by sample, and in view of the custom of the trade. But there was no express agreement to that effect.; nor was there any express wa rranty. The mere understanding of one of the parties, that he was déaling in view of a custom, does not make it a mutual understanding ; nor is a mere implication of a different contract, growing out of a. custom, sufficient to authorize the court to reform the contract, by inserting in it, as an express warranty, what was before a mere warranty by implication, arising from a custom of trade.
The defendant must have judgment, as to so much of the plaintiffs’ cause of action, as demands a reformation of the contract of sale.
The defendant to have the costs of this trial, if he ultimately recovers costs in the action.