ALEXANDER T. LOOKER v. JAMES PECKWELL.

1. To constitute a valid sale or mortgage, *at law*, the vendor or mortgagor must have a present property, either actual or potential, in the thing sold.
2. Where there is a mortgage of goods to be thereafter acquired by the mortgagor, an execution levied upon the goods after they are so acquired, will, in a court of law, prevail over the mortgage.

In replevin. On error to the Essex Circuit.

Argued at November Term, 1875, before the CHIEF JUS-TICE, and Justices DEPUE and VAN SYCKEL.

For the plaintiff, *Lyon*.

For the defendant, *E. F. Morrow*.

The opinion of the court was delivered by

VAN SYCKEL, J. This cause was tried in the Essex County Circuit Court, by consent of parties, before the court without a jury, upon admitted facts. A brief statement will present the point in issue. One John M. Mackenzie, to secure his debt to the plaintiff, executed to him a mortgage upon the fixtures, stock, materials, &c., of his bakery in Newark, described therein as follows: "All the bake-house fixtures and utensils now being in and about my bakery, No. 413 Broad street; also, all flour, &c., and all other stock manufactured and unmanufactured, and all materials whatsoever being in and about said bakery, or that may at any time during the continuance of this mortgage be purchased and obtained to replenish and replace the same or any part thereof, together with," &c.

The mortgage was duly registered, as required by law. After the delivery of the mortgage, Mackenzie, in order to replenish his stock, purchased twenty barrels of flour, which

were delivered to him on the sidewalk in front of his bakery, where they were seized by the defendant as sheriff, by virtue of an execution in his hands, upon a judgment in favor of Totten against said Mackenzie, for goods sold to him after the making and registry of the mortgage, and before the purchase of said twenty barrels of flour, which were purchased of other parties. The question submitted on the case is, whether the twenty barrels of flour were subject to the lien of the mortgage?

*Perkins, title Grants,* § 65, says: " It is a common learning in the law, that a man cannot grant or charge that which he hath not." A grant will operate only upon goods which the grantor has actually or potentially at the time of the grant.

Chief Justice Tindall fully recognized this rule in *Lunn* v. *Thornton,* 1 *Com. Bench* 379, which has since been received as authority both in England and this country, as applicable to sales as well as to mortgages.

The suggestion of Chief Justice Tindall, that the grant might be so framed, as to give the grantee a right as between themselves to seize after-acquired goods of the grantor, was acted upon in *Congreve* v. *Evetts,* 10 *Exch.* 298 ; *Hope* v. *Hayley,* 5 *Ellis & B.* 830, and in other cases cited below, but the doctrine held in the principal case has not been shaken ; on the contrary, it is in a mass of cases declared to be settled, if not elementary law. *Gale* v. *Burnell,* 7 *Q. B.* 850 ; *Chidell* v. *Galsworthy,* 6 *C. B.* (*N. S.*) 471 ; *Jones* v. *Richardson,* 10 *Metc.* 481 ; *Barnard* v. *Eaton,* 2 *Cush.* 294 ; *Rice* v. *Stone,* 1 *Allen* 566 ; *Low* v. *Pew,* 108 *Mass.* 347 ; *Van Hoozer* v. *Cory,* 34 *Barb.* 9 ; and many other cases cited in *Benjamin on Sales,* § 79, *note k.*

That this is the rule at law, is regarded by Chancellor Green in *Smithhurst* v. *Edmunds,* 1 *McCarter* 408, as beyond controversy. He says, that to constitute a valid legal sale, the vendor must have a present property, either actual or potential, in the thing sold.

The judgment of the court below in favor of the defendant was right, and should be affirmed.