[No. 4333.]

LOUIS ARQUES ET AL *v.* ANDREW WASSON.

MORTGAGE ON CROPS.—The lessee of land, in possession of the same, may, before he has planted, execute a valid mortgage on the crop to be raised by him the coming cropping season.

APPEAL from the District Court, Twentieth Judicial District, County of Monterey.

The facts are stated in the opinion.

*T. B. Bishop,* for the Appellant.

The question is not, I respectfully submit, at all affected by the statutes of this state upon the subject of " growing crops." Crops not growing, but to be planted hereafter, and to begin to grow hereafter, are not within the category of "growing crops," under any possible interpretation of those words. The general rule of law is well settled and undisputed. The best and most comprehensive statement of it, which I have seen, is that of Chief-Justice Shaw, in *Bernard* v. *Eaton,* 2 Cushing, 303, in the following words: " A mortgage is an executed contract—a present transfer of title, though conditional and defeasible; it can, therefore, only bind and affect property existing and capable of being identified at the time it is made; and whatever may be the agreement of the parties, it cannot bind property to be afterward acquired by the mortgagor."

Although this is an action at law, I may remark in passing that the rule is the same, both at law and in equity. (*Moody* v. *Wright,* 13 Met. 17; *Chynoweth* v. *Tenney,* 10 Wis. 403; *Congreve* v. *Evetts,* 10 Ex. R. 307, where Parke, B. says that such conveyance " gave no legal title, nor even equitable title, to any specific goods." *Otis* v. *Sill,* VIII Barb, 116. See also *Cudworth* v. *Scott,* 41 N. H. 461, and *Lane* v. *Thurston,* 1 Man., Gran. & Scott, 379.)

The crops to be planted, which it is claimed were mortgaged, had no actual or potential existence at the time the mortgage was made. (Sheppard's Touchstone, 241; *Hutchinson* v. *Ford,* 9 Bush Ky. 318; *Cudworth* v. *Scott,* 41 N. H. 461; *Congreve* v. *Evetts,* 10 Ex. Ch. R. 307; *Comstock* v. *Scales,* 7 Wis. 159; *Gale* v. *Burnell,* 7 Adol. & Ellis, N. S. 848; *Otis* v. *Sill,* 8 Barb, 116; *Jones* v. *Richardson,* 10 Met. 481; *Moody* v. *Wright,* 13 Met. 17; *Chynoweth* v. *Tenney,* 10 Wis. 397; *Chapin* v. *Crum,* 40 Me. 561.)

*Wm. H. Webb and James A. Wall,* for the Respondent.

A mortgage can be made of a thing not *"in esse"* at the date of the making of mortgage, and the lien will attach and be a charge upon the particular property as soon as it comes into existence, as against the mortgagor and all persons as-

serting a claim thereunto under him either voluntarily or in bankruptcy. (*Bibend* v. *L. & L. F. & L. Ins. Co.*, 30 Cal. p. 86 and fol.; *McComber* v. *Parker*, 14 Pick. p. 497; Story on Bailments, Sec. 294; 2d Story's Equity, Sec. 1055; *Seymour* v. *C. and N. Falls R. R. Co.*, 25 Barb. 284.)

*Smith* v. *Beattie*, 31 N. Y. 542, is a case of a mortgage of a thing not "*in esse*," carpets to be manufactured. (*Stamps* v. *Gilman*, 43 Miss. 456; *Putnam* v. *Cushing*, 10 Gray Mass. 334; *Van Hoozer* v. *Cory*, 34 Barb. N. Y. p. 9 to 15 inclusive.

By the Court, CROCKETT, J.:

The action is replevin to recover from the sheriff certain grain and flax seed seized and sold by him under an attachment and execution against one Hansen. The findings show that Hansen leased from the plaintiffs a parcel of land, and from one Reed an adjoining parcel, of both of which he was in possession under the leases; that to secure the rent to be paid to the plaintiffs, and also a store account which he owed them, he duly executed and delivered to them a mortgage (which was duly recorded), upon all the crops of every kind to be produced on said lands during the next ensuing cropping season; that at the date of the mortgage Hansen was in possession of the land, but had not then plowed it or sowed the seed, but proceeded to do so very soon thereafter and produced the crop which is in controversy; that when the crop had matured and had been partially harvested, it was seized by the defendant as sheriff, under an attachment at the suit of another creditor of Hansen, and was subsequently sold by the defendant under an execution issued upon the judgment in said action. The plaintiff recovered and the defendant appeals.

The point chiefly relied upon for a reversal is, that at the date of the mortgage the crop had not even a potential existence, the ground not having been plowed or the seed sown; and it is claimed that there can be no valid mortgage of a thing not *in esse*. It is conceded by counsel that if the thing has a potential existence, as, for example, wool to be grown from sheep then belonging to the mortgagor, or but-

ter to be thereafter produced from his cows, or a crop aris-
ing from seed already sown, the mortgage would be valid.
The general rule undoubtedly is that a person cannot con-
vey a thing not *in esse,* or in which he has no present inter-
est. But it is quite as well settled, that if the thing has a
potential existence it may be mortgaged or hypothecated.
"If one, being a person, give to another all the wool he
shall have for tithes the next year, this is a good grant,
although none may arise, for the tithes are potentially in
the person. * * * So one may grant all the wool of
his sheep for seven years; but not of the sheep which
he shall thereafter purchase." (*Van Hoozer* v. *Corey,* 34
Barb. 12, and authorities there cited). "Land is the
mother and root of all fruits. Wherefore he that hath it
may grant all fruits that may arise upon it after, and the
property shall pass as soon as the fruits are extant." (*Gran-
tham* v. *Hawley,* Hob. R. 132.) In *Van Hoozer* v. *Corey, su-
pra,* the court holds that "the same principle is adjudged
applicable to the annual crops, the fruit of the annual la-
bor of the lessee, as if a lessor covenants that it shall be law-
ful for the lessee, at the expiration of the lease, to carry
away the corn growing on the premises, although by possi-
bility there may be no corn growing at the expiration of the
lease, yet the grant is good, for the grantor had such a
power in him, and the property shall pass as soon as the
corn is extant." So there may be a valid grant of the grain
that a field is expected to grow. (1 Parsons on Cont. 523;
*McCarthy* v. *Blevins,* 5 Yerg. 195.) In *Van Hoozer* v.
*Corey, supra,* the grant was of the cheese expected to be
made from the cows of the grantor, and "the products ex-
pected to be raised upon the premises then demised to the
grantor"; and this was held to be a valid grant. In that
case the question involved here was carefully considered by
the court upon a full examination of the authorities, and
we are satisfied with the conclusion to which it arrived.
But the same question arose in the later case of *Conderman*
v. *Smith* (41 Barb. 404), in which the ruling in *Van Hoozer*
v. *Corey* was approved; and Johnson, J., in delivering the
opinion of the court, said: "That case (*Van Hoozer* v. *Corey*)

like this, was an action by the lessor and purchaser, against a creditor of the lessee, who had taken and sold the products of the farm and dairy upon execution; and the court held that it did not fall within the rule which prohibits the selling or mortgaging of property not in existence, or not owned by the vendor or mortgagor. It was the product of property which the vendor owned at the time, and was, as it is expressed in the books, potentially his, and, therefore, the subject of sale." On the rule established in these cases, the crop mortgaged to the plaintiffs had a potential existence, and the mortgage was valid.

Judgment and order affirmed.

Mr. Chief Justice WALLACE and Mr. Justice McKINSTRY dissented.