## MINNESOTA LINSEED OIL CO. *v.* MAGINNIS.

(*Snpreme Court of Minnesota—Opinion filed June 12, 1884.*)

1.  CHATTEL MORTGAGE—GROWING CROPS.    A chattel mortgage of crops to be grown by the mortgagor on land owned or possessed by him, is valid.    A certain instrument *held* to be a chattel mortgage.

2.  SAME—THREATENED SALE BY MORTGAGOR—INJUNCTION.    A mortgagee in a chattel mortgage, in an action against the mortgagor after condition broken, praying for an injunction restraining the latter from disposing of the property, and that the amount he is entitled to recover be adjudged a lien thereon, and for such other or further relief as may be just, etc., is not entitled to temporary injunction to restrain a threatened sale of the property, because he has an adequate remedy by replevin.

3.  PRACTICE—RELIEF—PRAYER IN COMPLAINT.    A plaintiff can not, if there be no answer, have more than the specific relief prayed for in the complaint.

GILFILLAN, C. J.    Appeal from an order refusing to dissolve a temporary writ of injunction.   The injunction was issued before the time to answer expired, upon the complaint and an affidavit supporting its allegations, and restrained the defendant until the further order of the Court from selling or disposing of certain flax seed.   The relief prayed in the complaint is that defendant be enjoined from selling or otherwise disposing of the flax seed; that the amount plaintiff is entitled to recover in the action be adjudged and declared a specific lien on the flax seed; and such other or further relief as to the Court shall seem meet in the premises.   The plaintiff's right in the flax seed depends on an instrument in writing executed by defendant, by which, in consideration of a certain amount of flax seed furnished by plaintiff, he promised to pay plaintiff at a time certain $162 and interest; to sell and deliver to plaintiff at a certain sum, below the average Chicago market price at the timé of delivery, all the crop of flax seed raised from that delivered to him by plaintiff, and by which, as security for the payment of said sum and delivery of said crop, he did "grant, sell and convey" to plaintiff his entire crop of flax seed raised during the year from the seed furnished him, upon condition that if he should pay said sum of money, and well and faithfully perform the contract for the delivery of the flax seed, the sale should be void.   It also provided that should defendant dispose of any of the flax seed to any one but plaintiff, he should pay plaintiff as liquidated damages therefor fifty cents per bushel for every bushel disposed of.

Within the proper time the plaintiff duly filed a copy of this instrument in the proper town clerk's office.   The complaint alleges breaches of the contract by failure to pay the $162 when due, and the refusal to deliver the flax seed, and a sale of about 450 bushels by defendant to others, and that he threatens to, and unless restrained, will dispose of the remainder to others, and that he is insolvent.   The instrument is a chattel mortgage, both at law and in equity.   The common law rule that no interest could vest by an assignment of chattels nor *in esse*, did not apply to crops to be raised by the assignor on land then owned by him or in his possession.   (*Canderman* v. *Smith*, 41 Barb., 404; *Acques* v. *Wasson*, 51 Cal. 620; 1

Pars. Cont., 523; *Sanborn* v. *Benedict,* 78 Ill., 309; *Congreve* v. *Evetts,* 26 Eng. Law & Eq., 493.) It would also have the effect of a chattel mortgage under the statutes. (Sections 21, 22, 23, *c.* 39, Gen. St. 1878.) The plaintiff had the right, certainly after condition broken, to take possession of the flax seed, a right which it could enforce by action in replevin. For the mere preservation of the property, and to prevent its being disposed of by defendant, there was no necessity for the injunction, for it had a more adequate and speedy remedy by the action in replevin, if possession was refused to it. And an injunction will not issue where there is a complete and speedy remedy by an ordinary action. Had the plaintiff brought its action to enforce its lien by foreclosure of the mortgage, as it might have done, a temporary injunction to restrain the threatened sale by defendant to others might have been proper, for such sale would have tended to render the judgment ineffectual. Not having asked for a foreclosure, though the facts set up in the complaint show it entitled to one, it can not, unless there is an answer, and there was none when the injunction was granted, have judgment of foreclosure. (Gen. St. 1878, Sec. 267 *c.* 66.) It can not, in the case made by the complaint, have judgment for the permanent injunction prayed for, because that case shows that there is no necessity for one, the plaintiff having another adequate remedy. And no temporary injunction can be issued merely in view of the prayer that the Court adjudged the amount plaintiff is entitled to recover a lien on the flax seed, for the retaining the property in the hands of the defendant is not at all essential to that relief. It would, undoubtedly, be convenient to a subsequent foreclosure of the mortgage by the plaintiff; but, so far as the relief prayed for shows, plaintiff relies on its ability to make such foreclosure without any aid from the Court.

There was, therefore, no case for a temporary injunction made by the complaint and the supporting affidavit, and it should have been dissolved.

*Order reversed.*