Zerah S. Westbrook, County Judge.
This is an appeal from a judgment of nonsuit rendered in justice’s court. Upon a careful examination of the evidence in the case and the legal questions involved, I think that the justice erred in his 'ruling granting the nonsuit.
Upon the evidence the plaintiff was entitled to a judgment, or, at least, was entitled to a decision upon the merits of the case.
The action was in the nature of trover to recover damages for the conversion of a quantity of hay and oats raised upon plaintiff’s farm in the town of Amsterdam by John E. Eeynolds, his tenant, under a written lease for one year from April 1,1886, and destroying plaintiff’s lien and claim •thereon.
Defendant purchased the property of Eeynolds during the term after being harvested, and justified his taking by ■ such purchase.
Plaintiff claims title and lien under a chattel-mortgage .clause in said lease, and the right to recover the same to -satisfy his demand for. rent past due and unpaid, as follows : “ The said party of the first part shall have a lien, as security for the rent aforesaid, upon the following goods and chattels, to wit, upon all the-crops and emblements that may be raised and produced upon said premises during said term and in whatever state or condition they may be, whether standing, cut and garnered or stored, and also upon all the goods, wares, chattels, implements and fixtures, tools -and other personal property which are, or may be, put on the said demised premises; and such lien may be enforced on the non-payment of any of the rent aforesaid by the taking and sale of such property in the same manner as in cases *285 of chattel mortgages on. default thereof; said sale to be made on six days’ notice.”
This clause in the lease was in effect a chattel-mortgage,. and operated and could be enforced as such. No particular form of words is requisite to constitute a mortgage (Langdon v. Buel, 9 Wend. 80; Thompson v. Blanchard, 4 N. Y. 303).
Similar clauses in leases of farm lands have frequently-been held to be in effect chattel mortgages (McCaffrey v. Woodin, 65 N. Y. 459; Johnson v. Crofoot, 37 How. Pr. 59 ; Reynolds v. Ellis, 34 Hun, 47.*)
The respondent urges the point that the instrument did-not and could not operate upon the crops in question-because they were not in existence when the lease was executed. He contends also that the instrument at most created an equitable lien as to the crops afterwards sown and brought into existence by cultivation, upon which the lessor only acquired an equitable lien when they came into existence, in the nature of a license which gave him the right to acquire an actual lien by a new intervening act that required him to take possession for the purpose of enforcing the same.
The rule thus contended for is the general rule recognized by the authorities in cases of mortgages upon property to be after acquired, but does not apply to crops grown upon the land of the owner, where, in the lease thereof to his tenant, he reserves a lien in the nature of a mortgage upon the crops' to be grown thereon, as security for his rept. There can be no doubt, that, as to the hay in question, it was clearly covered by and impressed with the lien of the mortgage.
The hay was a perennial crop, the roots from which it grew remaining in the soil from year to year and producing, the crop annually. The roots were the source and agents of the production of the hay, were in existence at the time *286 .of executing the lease containing the mortgage clause; hence the hay in question then had a potential existence, and was a proper subject for a grant or mortgage (Conderman v. Smith, 41 Barb. 404 ; Van Hoozer v. Cory, 34 Barb. 9).
The case of a lien reserved by a landlord upon the crops to be raised upon the land by his tenant as security for rent to accrue is an exception to the ordinary rule that a mortgage is not valid upon after acquired property (Andrew v. Newcomb, 32 N. Y. 417; Butt v. Ellett, 19 Wall. [U. S.] 544).
In such cases the title or lien rests potentially in the crops from the date of the contract or instrument creating the lien, and actually as soon as they grow into being (Ibid.)
» This rule was held to apply to the lien reserved as security for rent in a farm lease upon “ the produce of the farm .and dairy of cows thereonf in Van Hoozer v. Cory, 34 Barb. 9. To the same effect is Conderman v. Smith, 41 Barb. 404.
This is not in conflict but in conformity with the decision in the case of McCaffrey v. Woodin, 65 N. Y. 459. The court says in that case (p. 468) : “ In regard to. the crops and farm produce it is enough to say that they, as soon as they came into existence, vested in the landlord,” putting the decision on the. rule in the case of Grantham v. Hawley (Hobart, 132), “that he that hath land may grant all fruits that may arise upon it after, and the property shall pass as soon as the fruits are extant.”
The court held that the rule of an equitable lien referred to only applied to the horses of the tenant, put upon the farm by him during his term.
If the rule of potential existence of the property would apply to the produce of personal property, such as sheep, cows, etc. (see cases cited), it certainly would apply to the produce of the land. A grant of crops to be thereafter grown by the owner upon his land is valid, and the title *287 thereto passes as soon as they come -into existence (McCaffrey v. Woodin, Van Hoozer v. Cory, and Andrew v. Newcomb, supra).
Mother earth is the natural producer of all vegetation grown in the soil, and has within herself the vital agencies of production ; and it would seem to be reasonable and just to hold that the owner in leasing his land might legally and properly reserve to himself a valid lien upon all crops that ■should be raised thereon during the term, as security for his rent.
There are cases holding that a chattel mortgage given upon summer crops not planted when the mortgage was •executed, is invalid and ineffectual as to third persons, unless and until actual possession thereof has .been taken by the mortgagee. Such a case was Cressey v. Sabre, 17 Hun, 120. That case, however, recognizes the rule that a lien reserved in a lease upon crops to be thereafter grown upon the land as security for the rent is good (Ibid. p. 122).
The lease in this case with the chattel mortgage clause was duly filed in the proper town clerk’s office as required of chattel mortgages; therefore the defendant purchased the property with his eyes open, having legal notice of the plaintiffs lien and claim, and cannot claim to be a bona fide purchaser.
But aside from the question of notice, the defendant ■could not claim protection as a bonafide purchaser; for the reason that' he failed to show that he paid any value for the property (Weaver v. Borden, 49 N. Y. 286).
The defendant, as shown by the evidence, converted the property in question to his own use, and unlawfully destroyed the plaintiff’s lien thereon ; for which he was liable for the damages sustained.
The judgment is erroneous and must be reversed .
The same is accordingly reversed with costs.

 Affirmed in 103 N. Y. 115.