# Cases

# FOURTH DEPARTMENT.

AT

## GENERAL TERM,

### November, 1887.

---

## LEWIS M. SMITH, Appellant, v. CHARLES F. TABER, Respondent.*

*An agreement in a lease that the title to personal property belonging to the lessee shall vest in the lessor, as security for the rent, is valid and is enforceable against crops subsequently raised on the farm — a purchaser of such crops is chargeable with notice of the lessor's title when the lease is filed in the proper town clerk's office.*

On February 18, 1885, the plaintiff leased a farm owned by him to one Bossard, the lease containing a provision by which the tenant agreed "that all the personal property on said land, or hereafter brought on  *  *  *  and all said personal property and the crops raised, and to be raised, on said land, and the cows and all the increase thereof, shall be bound, and hereby are bound, to said Smith (the plaintiff), as collateral security for the faithful performance of all covenants contained in this lease, and for the payment of said rent due and to become due;  *  *  *  and for this purpose said Smith shall have the title to all the personal property of whatever kind raised, made, produced, kept, put or used upon said farm, and he shall have the right of possession thereof at any time, and such title and right of possession is vested in said Smith as collateral security for," etc.

On July 24, 1885, the lease was filed in the proper town clerk's office with the chattel mortgages. In November or December, 1885, the defendant Taber purchased buckwheat raised upon the farm from Bossard, paying cash therefor, and without actual notice of the plaintiff's claim.

*Held,* that the contract so made, whether viewed as a chattel mortgage or a lease containing a lien clause, was valid and enabled the plaintiff to enforce the

---

* See *Betsinger* v. *Schuyler* (*post*, p. 348).  [Rep.

payment of rent out of any property of the tenant in and upon the premises, including the crop of buckwheat so raised upon the farm.

That the defendant was charged with constructive notice of the plaintiff's title by the filing of the lease in the proper town clerk's office.

That the plaintiff was entitled to recover the value of the buckwheat so purchased by the defendant.

APPEAL from a judgment of the Chemung County Court, granting a nonsuit.

The action was brought to recover the value of certain personal property taken by the defendant. The plaintiff relied upon a farm lease containing provisions giving him a lien upon, title to and an interest in the property.

The lease in question was made February 18, 1885, and was filed in the town clerk's office, with chattel mortgages, July 24, 1885. In November or December, 1885, the defendant Taber purchased the buckwheat sown on the farm in June or July of 1885, of Bossard, without actual notice of Smith's claim, at the market value, for cash paid at the time. The " lien clause " in the lease is as follows : " He (the tenant Bossard) also agrees that all the personal property on said land, or hereafter brought on, shall be and the same hereby is bound to said Smith (the landlord) for the faithful performance of all the covenants contained in this lease, and as collateral security for all the rent due and to become due for said land, and for any and all sums now or hereafter to be due or owing from said Smith to said Bossard; and said Bossard also agrees that all said personal property and the crops raised and to be raised on said land, and the cows and all the increase thereof, shall be bound, and hereby are bound to said Smith as collateral security for the faithful performance of all covenants contained in this lease, and for the payment of said rent due and to become due and owing from said Bossard to Smith for any cause whatever, and for this purpose said Smith shall have the title to all the personal property of whatever kind raised, made, produced, kept, put or used upon said farm, and he shall have the right of possession thereof at any time, and such title and right of possession is vested in said Smith as collateral security for the faithful performance of all the covenants contained in this lease, including the payment of rent due, and any and all sums of money owing or to be hereafter due and owing from said Bossard' to said Smith."

*James A. Douglass* and *Alexander Cumming*, for the appellant.

*S. C. Taber*, for the respondent.

HARDIN, P. J.:

It must be assumed that the contract between the plaintiff and his lessee, Bossard, was valid, whether viewed exclusively as a chattel mortgage, or as containing a " lien clause," to enable the plaintiff to enforce payment of rent out of any property of the tenant in and upon the premises. (*Reynolds* v. *Ellis*, 103 N. Y., 122; *McCaffrey* v. *Woodin*, 65 id., 459.) The lease before us contains language adequate to create a lien on " all the personal property on said land or thereafter brought on " to it, and " all the personal property and crops *raised* and to be raised on said land    *   *   *    shall be bound and hereby are bound to said Smith (plaintiff) as collateral security."

It further declares that for the purpose of securing the said Smith, the lessor " shall have the title to all the personal property of whatever kind *raised*, made, *produced*, kept, put or used upon said farm, and he shall have the right of possession thereof at any time, and such title and right of possession is vested in said Smith as collateral security for the faithful performance of all the covenants," etc.

In *Cressy* v. *Sabre* (17 Hun, 123) BOARDMAN, J., said " no such grant is alleged or proved," and hence, that case differs from this one. The language is apt and broad enough to create a present lien as well as a present transfer of title, to all property mentioned. It is more full than the language of the agreement found in *Hale* v. *The Omaha National Bank* (49 N. Y., 634) which only provided for further and future liens being given. *Plaintiff's agreement, from which we have quoted*, was duly filed in the town clerk's office of the town where the tenant, Bossard, resided. In *Duffus* v. *Bangs* (43 Hun, 54) it appears by the opinion of BOARDMAN, J., that the lease given to the defendant " was never filed," and hence the lease could not operate as a chattel mortgage. But plaintiff's lease being valid as an instrument between the parties so as to create a lien, and filed properly as a chattel mortgage, we must consider whether the same is valid as against the defendant who is a purchaser for value and in good faith so far as actual knowledge is concerned, from Bossard, of the buckwheat raised upon the farm.

Treating the filing of the lease containing the " lien clause " and

# 316

the security clause vesting the title to the property in the lessor, as equivalent to an actual notice to the defendant, then it must follow that the defendant is not a purchaser in good faith without notice; and hence he only acquired such rights as were possessed by his vendor, as between the vendor and the lessor. (*Stevens* v. *Watson* (4 Abb. App. Cas., 302.) The property in question had a potential existence, and hence the transfer was not invalid. (*Van Hoozer* v. *Cory*, 34 Barb., 12.)

In the case last cited the defendant had actual "notice of the claim of the plaintiff." Here the defendant had constructive notice through the notice filed in the proper town clerk's office. In *Johnson* v. *Croofoot* (53 Barb., 576) the lease or chattel mortgage had not been filed, and Teft, the tenant, was in actual possession when the levy was made upon his interest and the levy was held valid. In *Andrew* v. *Newcomb* (32 N. Y., 417) it was stipulated title to property should remain in Ray, the landlord. Here it was stipulated it should *vest in Smith, the lessor*, and as soon as it came into existence Smith had the right to it, as it was vested in him, to the extent that was needed to secure or pay his debt, and that stipulation was valid. (*Andrew* v. *Newcomb, supra ; Farmers' Loan and T. Co.*, v. *Long B. Imp. Co.*, 27 Hun, 91 ; *Conderman* v. *Smith*, 41 Barb., 404 ; Jones on Mortgages, 115, §§ 141, 143 ; *Shuart* v. *Taylor*, 7 How., 251 ; Harmon on Chattel Mortgages, § 44 ; *Hawkins* v. *Giles*, 45 Hun, 318 ; *Betsinger* v. *Schuyler*, MS. opinion, MARTIN, J., Fourth Depart., Nov., 1887 ; * *Dresser* v. *United F. Ins. Co.*, 45 Hun, 302.)

It is suggested by the respondent that the mortgage was void, because there was a cotemporaneous agreement that the mortgagor might sell portions of the property. (*Edgell* v. *Hart*, 5 Seld., 213.) No such agreement is found in the instrument as in *Reynolds* v. *Ellis* (*supra*), and the trial court could not hold, as matter of law that plaintiff's instrument was void. If the defendant shall give sufficient evidence to bring his case within the principle, the question may be one that should be submitted to a jury. So, too, if the mortgage of plaintiff is inquired into, a question of fact may be presented in regard thereto. (*Gardner* v. *McEwen*, 19 N. Y., 123.) The sufficiency of the demand need not be passed upon as that was not

---

* Reported, *post*, p. 348.

the ground of the nonsuit, and we are of the opinion that evidence sufficient to raise a question for a jury in that regard was presented.

Judgment of the County Court of Chemung county reversed and a new trial ordered in that court, with costs to abide the event.

MARTIN, J., concurred; FOLLETT, J., dissented.

Judgment of the County Court of Chemung county reversed and a new trial ordered in that county, with costs to abide the event.