MACOMBER and LEWIS, JJ., concurred.

Motion for a new trial denied, with costs, and judgment ordered for the defendants on the nonsuit.

---

## ROCHESTER DISTILLING COMPANY, PLAINTIFF, *v.* ASA RASEY, DEFENDANT.

*Chattel mortgage — of annual crops not yet planted — the mortgage is void as against creditors — when a party, innocent of the confusion of goods, is not affected by it.*

Philip P. Lovell, the lessee of a farm, on April 30, 1890, gave to Esek Page for value a chattel mortgage, which was duly filed, upon all the potatoes and beans "which are now sown or planted, or which are hereafter sown or planted, during the next year," on the leased premises. Before giving this mortgage Lovell had planted one acre in potatoes, and he afterwards planted three acres in potatoes and some beans.

The Rochester Distilling Company recovered a judgment against Lovell, which was docketed in his county on the 14th day of February, 1890, under an execution issued on which the sheriff, on July 5, 1890, levied on the growing crops of beans and potatoes, and on August 16, 1890, sold them to the Rochester Distilling Company.

On July 15, 1890, Page, under a foreclosure of his chattel mortgage, sold these crops to Asa Rasey, who took possession, harvested the crops, not distinguishing the potatoes which had been planted before from those planted after the chattel mortgage was executed, and upon demand made refused to deliver any part of the crops to the Rochester Distilling Company.

In an action brought by the Rochester Distilling Company to recover possession of certain of such crops, and damages for their detention, it was

*Held*, that it was entitled to recover for the beans, and also for the potatoes raised from seed potatoes, which were planted after the execution of the chattel mortgage.

That, as against subsequent purchasers and attaching creditors, a chattel mortgage could not be given on property not in existence.

That annual crops raised from planted seed could not be said to have even a potential existence before the seed was put in the ground.

That as the mingling of the potatoes planted before and after the execution of the chattel mortgage was not the act of the plaintiff, and as the evidence showed approximately the quantity realized from each planting the plaintiff should have a verdict for those planted after the mortgage was executed.

EXCEPTIONS of the plaintiff, the Rochester Distilling Company, ordered to be heard in the first instance at General Term, taken upon a trial had at the Steuben Circuit before the court and a jury, at which a verdict was directed for the plaintiff for the possession of certain beans, or six cents damages, the value thereof mentioned in the complaint, and that the defendant have a return of the potatoes mentioned in the complaint, or the value thereof, $118, and seventy-nine dollars and twenty cents damages for detention.

*George D. Reed*, for the plaintiff.

*De Merville Page*, for the defendant.

LEWIS, J.:

The plaintiff obtained a judgment against one Philip P. Lovell, in the Supreme Court, county of Monroe, on the 13th day of February, 1890, for $147.44. A transcript of the judgment was filed, and the judgment docketed in Steuben county the following day.

Lovell was the lessee of a farm in the county of Steuben in the year 1890. On the 30th day of April, 1890, he gave a chattel mortgage to Esek Page, to secure the payment of money borrowed of Mr. Page, and also to secure Mr. Page as his accommodation indorser. The mortgage was given upon the chattels and property described therein as follows: "The grass now growing on the premises leased of Drake and Searle, assignee, etc. (being the farm mentioned); also, all the corn, potatoes, oats and beans which are now sown or planted, or which are hereafter sown or planted, during the next year, on the above-described premises, and two new boats made by Bennett."

Lovell planted about four acres of the land to potatoes, and he also planted some beans. All of the planting was done after the execution and delivery of the mortgage, except about one acre of potatoes which were planted before the mortgage was given.

An execution was issued upon the plaintiff's judgment against Lovell, and the sheriff, on the 5th day of July, 1890, made a levy upon the growing crops of potatoes and beans aforesaid; he advertised and sold them on the 16th day of August, 1890, to the plaintiff. Mr. Page, hearing of the levy thus made upon the potatoes and beans by the plaintiff, advertised and sold them, under his chattel mortgage, on the 15th day of July, 1890, to the defendant. The defendant took possession of them, and when they ripened he harvested them, and refused to deliver them to the plaintiff upon demand made, and the plaintiff brought an action to recover possession of the potatoes and beans, with damages for the withholding thereof. At the close of the evidence both parties asked for the direction of a verdict in their favor respectively.

The court directed a verdict for the plaintiff for the beans, and for the defendant for the potatoes, to which decision the plaintiff duly excepted, and the exceptions were ordered to be heard at General Term in the first instance.

By consent of parties the value of the beans was fixed at six cents, and the value of the potatoes at $118.80, with seventy-nine dollars and twenty cents damages for their detention.

The sale under the execution gave to the plaintiff title to the potatoes and beans, unless the contention of the defendant can be sustained that he got title to them by virtue of the sale under the chattel mortgage. The mortgage was concededly given for a good and valuable consideration, and was duly filed. It is contended by the plaintiff that a verdict should have been directed in its favor as to the potatoes as well as the beans, but that, in any event, plaintiff was entitled to recover that part of the potatoes planted after the execution and filing of the mortgage.

As against subsequent purchasers and attaching creditors, a chattel mortgage cannot be given for property not in existence so as to vest the title when it comes into being in the mortgagee. (*Cressey* v. *Sabre*, 17 Hun, 120.) There are exceptions to this doctrine. It is held that, as between landlord and tenant, because of the fact that

the landlord owns the soil, the tenant may, even as against creditors and purchasers, pledge crops to be raised as security for the payment of the rent, thereby giving the landlord an equitable lien upon the after-planted crops. (*Andrew* v. *Newcomb*, 32 N. Y., 417; *Butt* v. *Ellet*, 19 Wall. [U. S.], 544.)

Crops not yet grown, but which grow spontaneously, the roots thereof being in the soil when the mortgage is given, are held to have such a potential existence as that they may be mortgaged. Annual crops raised from planted seed cannot be said to have even a potential existence before the seed is put in the ground.

The plaintiff and Mr. Page were both creditors of Lovell. Plaintiff secured the first lien by the levy made on the sixth of July, and no reason is apparent why the defendant has any equity superior to the plaintiff. Page occupied the relation simply of a creditor of Lovell. He had no interest in the farm; he took his mortgage to secure the payment of money loaned to Lovell, and to secure him as Lovell's indorser. There was no delivery made of the property prior to the levy of the plaintiff.

We think the plaintiff had a prior lien upon the crops planted after the delivery of the mortgage.

An embarrassment arises because of the mingling of the potatoes which were planted before the giving of the mortgage and those that were planted after. The evidence tends to show about the quantity that was obtained from each planting. The plaintiff was not responsible for the intermingling; that was done by the defendant. There should have been a direction of a verdict for the plaintiff for the potatoes that were obtained from those planted after the execution and delivery of the mortgage, as well as for the beans.

A new trial should be granted, costs to abide the event of the action.

All concur.

Plaintiff's motion for a new trial granted, with costs to abide the event.