GEORGE H. FLEETHAM, Respondent, v. GEORGE C. REDDICK, Appellant.

*Action for conversion — when maintainable — mortgage of growing crops — rights of the mortgagee when the landlord and when not the landlord, in crops thereafter coming into existence.*

To maintain an action for conversion the plaintiff is bound to show that he was the owner of the property alleged to have been converted by the defendant at the time of the alleged conversion thereof.

Growing crops may be sold or mortgaged, and a lessee of lands can give to his landlord, to secure the amount of rent due to him, a mortgage on crops not yet planted; in such case, the title to the crops when grown vests at once in the landlord and not in the lessee.

Ordinarily, however, the legal title to property not in existence, actually or potentially, cannot be transferred by way of a mortgage, and at law a mortgage upon property not yet acquired is only a license until a new act intervenes.

Where a person gives to another a chattel mortgage upon a crop of grain to be planted in the future, not for the purpose of securing rent due to the mortgagee, the mortgagee acquires thereby no legal title to the crop thereafter planted or raised by the mortgagor; the mortgage, however, confers on the mortgagee a license to take such crop, and if he seizes it before the sale thereof by the mortgagor, the title to such property then vests in him, but if prior to any such seizure by the mortgagee the mortgagor sells the property, the mortgagee, never having had legal title thereto, cannot maintain an action for the conversion thereof.

APPEAL by the defendant, George C. Reddick, from a judgment of the County Court of St. Lawrence county in favor of the plaintiff, entered in the office of the clerk of the county of St. Lawrence on the 12th day of March, 1894, upon the decision of the court affirming the judgment of a justice of the peace of the town of Oswegatchie, St. Lawrence county.

*Joseph George,* for the appellant.

*G. W. Hurlbut,* for the respondent.

Putnam, J. :

This is an appeal from the judgment of the County Court of St. Lawrence county. On the 27th day of February, 1893, defendant gave plaintiff a chattel mortgage on all grain raised on the farm that he worked for said Fleetham in the year 1893. When the mortgage was executed the grain was not in existence, nor in the ground. After the grain was raised on the farm it was sold by the defendant and subsequently demanded by plaintiff; an action was brought in Justice's Court for the conversion of the oats raised on said farm, and judgment was rendered in said court against the defendant for $113.10. The debt secured by the mortgage was not for the rent of the farm.

To maintain the action plaintiff was bound to show that he was the owner of the grain in question. If he had title to such property at the time the defendant sold it, such title was derived from the chattel mortgage executed February 28, 1893, long before the grain was sown. It has been deemed established that growing crops may be sold or mortgaged, but, under the authorities, it is doubtful whether the owner or lessee of land can give a mortgage on crops not yet planted, which shall have the effect of conveying *the legal title* thereto. That the lessee could convey such crops to his landlord to secure the rent has been decided, under such a contract it being deemed, that the title to the future crops when grown vested at once in the landlord, and not in the lessee. ( *Van Hoozer* v. *Cory,* 34 Barb. 9 ; *Conderman* v. *Smith,* 41 id. 404; *Smith* v. *Taber,* 46 Hun, 313 ; *Rochester Distilling Co.* v. *Rasey,* 142 N. Y. 570–576.)

Ordinarily, however, legal title to property not in existence, *actually or potentially,* cannot be transferred by way of a mortgage. (*Deeley et al.* v. *Dwight et al.,* 132 N. Y. 59 ; *Rochester Distilling Co.* v. *Rasey,* 142 id. 570.)

In the authority last above cited it was held, in the case of a mortgage given by the lessee of land on crops not planted, that crops which are the annual product of labor and of the cultivation of the earth have no actual or potential existence before planting.

THIRD DEPARTMENT, DECEMBER TERM, 1894.          [Vol. 82.

It would seem to be established by the authorities above cited that the mortgage under which the plaintiff claimed, being given upon crops not having any actual or potential existence at the time the instrument was executed, and not made to secure rent, no legal title to said crops was ever in plaintiff, and, hence, that the action should not have been sustained in a Justice's Court.

We think the proper doctrine in regard to such a mortgage of crops to be planted, as that under which plaintiff claimed in this action, is well stated in *McCaffrey* v. *Woodin* (65 N. Y. 459–464): At law a mortgage upon property not yet acquired is, according to the authorities, only a license until a new act intervenes. In that case the mortgagee, pursuant to the license contained in the mortgage, had seized the property, and it was held that such seizure was lawful, and that after seizure title to the property vested in the mortgagee. In *Williams* v. *Briggs* (16 Alb. L. J. 387), which was, like this, an action of trover by the mortgagee against the voluntary assignee of the mortgagor, it was held that a mortgage of personal property to be subsequently acquired conveys no title to such property when acquired which is valid against the mortgagor or his voluntary assignee, unless after acquisition by the mortgagor possession of such property is given to the mortgagee or taken by him under the mortgage.

We conclude that plaintiff, under his chattel mortgage, took no legal title to the crops thereafter planted or raised by the defendant. His mortgage conferred on him a license to take such crops, and had he seized them before the sale by the defendant, the title to such property would have then vested in him, but, as prior to any such seizure, the defendant sold the property, plaintiff never had such a legal title thereto as enabled him to maintain an action of trover in Justice's Court. (See *Page* v. *Larrowe*, 51 N. Y. St. Repr. 35; *Cressey* v. *Sabre*, 17 Hun, 120; *Rochester Distilling Co.* v. *Rasey*, 65 id. 512; *Milliman* v. *Neher*, 20 Barb. 37.)

We do not think it necessary to discuss the question whether the mortgage, *by its terms*, conveyed grain *to be planted and raised* after the date of its execution.

The judgment should be reversed, with costs.

MAYHAM, P. J., and HERRICK, J., concurred.

Judgment reversed, with costs.